1  PHILLIP A. TALBERT
   Acting United States Attorney
2  KATHLEEN A. SERVATIUS
   KATHERINE E. SCHUH
3  Assistant United States Attorney
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile:  (559) 497-4099

6  Attorneys for Plaintiff
   United States of America
7

8
                        IN THE UNITED STATES DISTRICT COURT
9
                           EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,        | **CASE NO. 1:20-CR-00019-DAD-BAM**
12 |                       Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE DATE AND ORDER THEREON**
13 | v.                               |
14 | ADRIAN ALVARADO, ET. AL.         | Date: May 12, 2021
   |                                  | Time: 1:00 p.m.
15 |                       Defendants.| Honorable Barbara A. McAuliffe
16

17

18      The United States of America, by and through PHILLIP A. TALBERT, Acting United States

19 Attorney, and KATHLEEN A. SERVATIUS and KATHERINE E. SCHUH, Assistant United States

20 Attorneys, and the defendants, by and through their respective attorneys of record, hereby stipulate to

21 continue the status conference in this case from May 12, 2021 until August 11, 2021 at 1:00 p.m and for

22 such time between those dates be excluded from the calculation as to the time within which the

23 defendants should be tried.

24      On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

25 Eastern District of California until further notice.  This General Order was entered to address public

26 health concerns related to COVID-19.  Further, pursuant to General Order 611, this Court's declaration

27 of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April

28 ///

STIPULATION TO CONTINUE STATUS CONFERENCE           1

16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 6111, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE         2

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsels of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 12, 2021.

2. By this stipulation, the parties now move to continue the status conference until August 11, 2021, and to exclude time between May 12, 2021, and August 11, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case includes voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more, approximately 82,000 pages/files.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  In addition, the government has recently produced several gigabytes of additional discovery involving the contents of seized cellular telephones and expects another production of materials within the next two weeks.

   b) Counsel for defendants desire additional time to review discovery and to confer with their respective clients regarding a potential resolution of this matter.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1        d)      The government does not object to the continuance.

        e)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

        f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 12, 2021 to August 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 5, 2021                           PHILLIP A. TALBERT
                                                 Acting United States Attorney

                                                 /s/ *Kathleen A. Servatius*
                                                 KATHLEEN A. SERVATIUS
                                                 Assistant United States Attorney

DATED: May 5, 2021                        /s/ *John Kemper Jackson*
                                                 John Kemper Jackson
                                                 Attorney for Adrian Alvarado

DATED: May 5, 2021                        /s/*James Homola*
                                                 James Homola
                                                 Attorney for Defendant Alex Melchor-Guzman

DATED: May 5, 2021            /s/ *Jeff Hammerschmidt*
                              Jeff Hammerschmidt
                              Attorney for Defendant Adrian Lopez

DATED: May 5, 2021            /s/ *Nick Reyes*
                              Nick Reyes
                              Attorney for Defendant Ivan Vasquez

## **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from May 12, 2021 until **August 11, 2021 at 1 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 12, 2021 through August 11, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **May 7, 2021**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE